<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAULIL WILLIAMS,<br><br>*Defendant.* | Crim. No.: 17-344 (KSH)<br><br><u>OPINION</u> |

This matter comes before the Court on the *pro se* letter petition (D.E. 39) of defendant Jaulil Williams seeking compassionate release under the First Step Act, 18 U.S.C. § 3582(c). For the reasons that follow, Williams's petition must be dismissed.

Having recently resolved a nearly identical letter motion seeking Williams's compassionate release (*see* D.E. 33, 34), the Court is familiar with the facts and procedural posture of this case. Briefly, Williams pled guilty to one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and in January 2019 was sentenced to a 100-month custodial term, followed by three years of supervised release. (D.E. 18, 19.) He is currently serving his sentence at FCI Danbury and is expected to be released in October 2024. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited March 17, 2022).

On June 4, 2020, Williams filed a *pro se* letter requesting release to home confinement, which the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c). (*See* D.E. 29.) In his motion, Williams alleged

generalized concerns about contracting COVID-19 and the conditions at FCI Danbury but did not demonstrate that any "extraordinary and compelling reasons" warranted his compassionate release. Accordingly, the Court denied his motion in an opinion and order dated August 24, 2020. (D.E. 33, 34.)

On February 14, 2022, Williams filed a second *pro se* letter seeking "compassionate release, and/or home confinement."[1] (D.E. 39.) The instant petition mirrors his initial motion for compassionate release in that it focuses on his concerns about contracting COVID-19 in light of the conditions at FCI Danbury. He also attaches a letter from the Jerome N. Frank Legal Services Organization at Yale Law School (the "LSO letter") dated September 22, 2020, advising Williams of a recent settlement in a case against FCI Danbury which "provides the potential for an individual to be re-reviewed for home confinement by the BOP if there were material errors in the initial review." (*See id.* at 7.) The LSO letter further states that if it identifies any "material errors" in the BOP's denial, it could "challenge [them] first with the lawyers for the government and then take those issues before the Court if necessary." (*Id.*)

According to Williams, the LSO letter demonstrates that he is at "high risk to [the] virus" and that the BOP made "mistakes" in its denial of his initial compassionate release application. (*Id.* at 6.)

---

[1] As with his initial motion, the federal public defender declined representation. (*See* D.E. 40.)

2

The Court cannot address the instant petition on its merits. As a preliminary matter, the Court has already carefully considered the facts and circumstances raised in this petition in its August 24, 2020 opinion and order denying Williams's initial compassionate release motion. (D.E. 33, 34.) He has not challenged or otherwise sought review of that ruling, and does not do so now. Significantly, Williams's inclusion of the LSO letter in the instant petition does not change the calculus. The letter serves to advise him of a settlement involving FCI Danbury and the potential relief he can receive if LSO determines that his initial BOP application was denied in error, offering a separate avenue of relief. But the letter makes no findings as to the propriety of the BOP's initial denial and does not automatically entitle him to relief from this Court.

Accordingly, this petition must be dismissed. An appropriate order will issue.

Dated: March 17, 2022 /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.